**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| KIRK WINWARD,<br><br>    Plaintiff,<br><br>  v.<br><br>STEVEN TURLEY et al.,<br><br>    Defendants. | **ORDER**<br><br>Case No. 2:08-CV-229 DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge Brooke Wells |

Plaintiff, Kirk Winward, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.A. § 1983 (West 2009). Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915(b). *See* 28 *id.* 1915. This case is now before the Court for screening under 28 U.S.C. § 1915(e) and consideration of various motions filed by Plaintiff.

**ANALYSIS**

**I. Procedural Background**

Two months after filing his original Complaint (doc. no. 3) Plaintiff filed a Motion to Amend/Correct Complaint (doc. no. 11) along with a proposed amended complaint (doc. no. 12). Rule 15(a) states that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading . . . ." Fed. R. Civ. P. 15(a)(1). Under this rule

Plaintiff did not need permission to amend his complaint because no responsive pleading had been served. Nevertheless, through an apparent clerical error Plaintiff's motion to amend was docketed and the proposed amended complaint was lodged. Upon discovering this error the Court directed the Clerk's Office to file the Amended Complaint. (Doc. no. 35.)

Although an amended complaint ordinarily supercedes the original, *see Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998), given Plaintiff's pro se status the Court has thoroughly reviewed both the original and amended complaints and will consider the allegations in both pleadings for screening purposes. It appears, however, that the two documents are essentially identical in terms of the facts alleged, legal claims presented, injuries asserted and relief sought.

## II. Screening

### A. Legal Standard

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief can be granted. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan.*

*Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). For screening purposes, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

To state a viable claim "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). The requirement of plausibility serves "not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the

claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Id*. at 1248. And, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for [his] claims." *Ridge at Red Hawk, L.L. C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

### B. Plaintiff's Allegations

Plaintiff's pleadings allege cruel and unusual punishment under the Eighth Amendment and denial of due process under the Fourteenth Amendment based on withholding of certain medications by prison officials.  Plaintiff states that he has been diagnosed with numerous spinal conditions including disc-space narrowing, degenerative disc disease and curvature of the upper cervical spine.  Plaintiff further states that he has "neurological medical issues due to [his] injuries" and suffers from muscle spasms, neck pain and upper and lower back pain.  (Am. Compl. at 4.)  Plaintiff alleges that in 2007 unidentified individuals stopped giving Plaintiff certain long-term medications prescribed by doctors.[1]  Although Plaintiff does not specifically state what

---

[1] The exact dates the medications were discontinued are unclear from the pleadings.  While the original Complaint mentions January 2006 and June 2007-2008, the Amended Complaint refers to January 2007 and June 2007.  Presumably the reference to 2006 is incorrect.

medications were discontinued, or by whom, he asserts that they were withheld "as punishment." (Am. Compl. at 4.)  Plaintiff also alleges that the medications were discontinued prior to an "illegally scheduled hearing" in an attempt to "aggravate his competency [and] demeaner [sic]." (Compl. at 5.)  Plaintiff does not clearly explain the nature of the hearing, however, he asserts that it implicated "constitutionally protected liberty interests" and that he was "hindered [and] or obstructed" during the hearing by the medication withdrawals he experienced.[2] (Am. Compl. at 5.)  Plaintiff also states that he suffered "irreversible damage of continual recurring internal bleeding in upper & lower intestines," and "mental [and] emotional injury caused by the underlying medical condition," although it is unclear how these injuries are related to Plaintiff's other allegations.  (Am. Compl. at 7.)  The Amended Complaint names Steven Turley, USP Warden, Tim Langley, Physician's Assistant, and five "John Does" as defendants in their individual and official capacities.  Plaintiff seeks declaratory and injunctive relief, compensatory damages and punitive damages.

---

[2] Plaintiff appears to be referring to a prison disciplinary hearing, however, he does not state the reason for the hearing or its outcome.  Plaintiff also does not explain how the scheduling of the hearing was illegal.

**C. Sufficiency of the Amended Complaint**

Under Rule 8 of the Federal Rules of Civil Procedure a complaint is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a).  The requirements of Rule 8(a) are intended to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall*, 935 F.2d at 1109. Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110.  Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Applying the above standards, the Court finds that Plaintiff's pleadings do not satisfy the requirements of Rule 8. The pleadings do not include "a short and plain statement" of the claims alleged against each defendant. In fact, none of the individuals named as defendants are even mentioned anywhere in the body of the pleading. Although the pleadings include numerous legal conclusions they omit many crucial supporting facts, such as the type of medications withheld, the nature of the hearing involved, and the identities of those responsible. Without such crucial details it is impossible to determine "who did what to whom." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *see also Ruiz-Rosa v. Rullan*, 485 F.3d 150, 154 (1st Cir. 2007) (explaining that fair notice is provided where a complaint explains "who did what to whom, when, where, and why"). In sum, a defendant faced with Plaintiff's pleadings would not have fair notice of the grounds on which Plaintiff's claims are based, making a proper response virtually impossible. Thus, the Court concludes that Plaintiff must amend his pleadings in order to state a viable claim for relief.

### D. Instructions for Further Amendment of the Complaint

In light of Plaintiff's pro se status and his alleged "neurological medical issues," the Court will allow Plaintiff an opportunity to cure the defects in his pleadings by submitting a

second amended complaint within thirty days of this order.  The second amended complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of Plaintiff's prior pleadings.  See *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998)(amended complaint supercedes original).  More importantly, the second amended complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights.  See *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (personal participation of each named defendant is an essential allegation in a civil rights action).  Plaintiff should bear in mind that he cannot name an individual as a defendant based solely on his or her supervisory position.  See *Mitchell v. Maynard*, 80 F.3d 1433, 1441, (10th Cir. 1996) (supervisor status alone is insufficient to support liability under § 1983).

Plaintiff is strongly encouraged to seek assistance from the prison contract attorneys with preparing his second amended complaint.  Plaintiff should provide the contract attorneys with a copy of this order showing that he requires assistance with preparing an initial pleading in this case.  Failure to comply with the guidelines in this order will result in this case being dismissed in its entirety.

### II. Motions for Appointed Counsel

Plaintiff has filed two motions seeking appointment of *pro*

*bono* counsel to represent him in this case.  Although Plaintiff does not offer any specifics, he asserts that appointed counsel is warranted based on his lack of legal training and the complexity of the issues presented here.

It is well established that Plaintiffs in civil cases do not have a constitutional right to counsel.  *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).  However, the court may, in its discretion, appoint counsel for indigent inmates under 28 U.S.C. § 1915(e)(1).  *See* 28 U.S.C.A. § 1915(e)(1) (West 2005); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  When deciding whether to appoint counsel the district court considers a variety of factors "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39.  "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

Given the early stage of this litigation the Court finds

9

that appointment of counsel would be premature at this time.  At this point the primary issue before the Court is the legal sufficiency of Plaintiff's claims.  Based on Plaintiff's prisoner status and the nature of his allegations it appears that he is entitled to assistance from the contract attorneys with presenting his claims.  Once Plaintiff has amended his complaint the Court will be in a better position to evaluate the merits of his claims and the need for appointed counsel going forward.

Thus, Plaintiff's motions for appointed counsel are denied at this time.  However, as this case progresses, if it appears warranted the court will appoint counsel for Plaintiff *sua sponte*.  No further motion by Plaintiff is necessary.

### III. Motions for Default

Plaintiff has filed two motions seeking default judgment against Defendants.  Default judgment is clearly inappropriate here because Defendants have not yet been served with Plaintiff's complaint.  Thus, Plaintiff's motions for default judgment are denied.

### IV. Motion for Copies

Plaintiff has filed a motion seeking copies of all letters, affidavits and lodged documents he submitted to the court since June of 2008.  Plaintiff does not clearly state the grounds for his request, however, it appears he is merely trying to ascertain

the status of his pending motions. Based on the present order there are no longer any pending motions in this case, thus, there is no apparent justification for Plaintiff's request at this time. Nevertheless, the Clerk's Office shall mail to Plaintiff a copy of the docket in this case. If Plaintiff still requires copies of specific documents he must file a motion clearly stating why each document is required. The court will not provide free copies to Plaintiff except in extraordinary circumstances. Plaintiff is instructed to make copies of all documents for his records before submitting them to the Court.

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's motions for default judgment are **DENIED**;

(2) Plaintiff's motions for appointed counsel are **DENIED**;

(3) Plaintiff's motion for copies is **DENIED**, however, the Clerk's Office shall send Plaintiff a copy of the docket in this case;

(4) Plaintiff's motions for service of process are **DENIED**; and,

(5) Plaintiff shall have **thirty days** to amend his pleadings in accordance with this Order. Failure to do so may result in this case being dismissed.

DATED this 26th day of March, 2009.

BY THE COURT:

_____
BROOKE C. WELLS
United States Magistrate Judge