FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

JAN 25 2010

BY D. MARK JONES, CLERK

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| KIRK WINWARD, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD GARDEN et al., <br><br> Defendants. | **ORDER DIRECTING SERVICE OF PROCESS, ANSWER AND/OR DISPOSITIVE MOTION** <br><br> Case No. 2:08-CV-229 DB <br><br> District Judge Dee Benson |

Plaintiff, Kirk Winward, an inmate at Utah State Prison (USP), filed this *pro se* civil rights suit. *See* 42 U.S.C.S. § 1983 (2009). Plaintiff was allowed to proceed *in forma pauperis*. *See* 28 *id.* § 1915.

Based on its review of the Amended Complaint, (lodged at Docket Entry # 43), the Court concludes that official service of process is warranted. The United States Marshals Service is directed to serve a properly issued summons and a copy of Plaintiff's Amended Complaint, (lodged at Docket Entry # 43), along with this Order, upon the following USP defendants:

> **Dr. Richard Garden**
> **Elizabeth Lewis, Caseworker**
> **Bryce DeGiulio, Captain**

Once served, Defendants shall respond to the summons in one of the following ways:

(A) If Defendants wish to assert the affirmative defense of Plaintiff's failure to exhaust administrative remedies in a grievance process, Defendants must,

>  (i) file an answer, within twenty days of service;
>
>  (ii) within sixty days of filing an answer, prepare and file a *Martinez* report limited to the exhaustion issue[1];
>
>  (iii) within sixty days of filing an answer, file a separate summary judgment motion, with a supporting memorandum; **and**
>
>  (iv) within sixty days of filing an answer, submit a proposed order for dismissing the case based upon Plaintiff's failure to exhaust, in word processing format, to:

---

[1] See *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).

In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:
> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

<u>utdecf_prisonerlitigationunit@utd.uscourts.gov</u>.

(B) If Defendants choose to challenge the bare allegations of the Amended Complaint, (lodged at Docket Entry # 43), Defendants shall, within twenty days of service,

> (i) file an answer; or
>
> (ii) file a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6), and submit a proposed order for dismissing the case, in word processing format, to: <u>utdecf_prisonerlitigationunit@utd.uscourts.gov</u>.

(C) If Defendants choose not to rely on the defense of failure to exhaust and wish to pierce the allegations of the Amended Complaint, (lodged at Docket Entry # 43), Defendants must,

> (i) file an answer, within twenty days of service;
>
> (ii) within sixty days of filing an answer, prepare and file a *Martinez* report addressing the substance of the Amended Complaint, (lodged at Docket Entry # 43);
>
> (iii) within sixty days of filing an answer, file a separate summary judgment motion, with a supporting memorandum; **and**
>
> (iv) within sixty days of filing an answer, submit a proposed order for dismissing the case based upon the summary judgment motion, in word processing format, to:

3

<u>utdecf_prisonerlitigationunit@utd.uscourts.gov</u>.

Plaintiff is notified that if Defendants move for summary judgment Plaintiff cannot rest upon the mere allegations in the Amended Complaint, (lodged at Docket Entry # 43). Instead, as required by Federal Rule of Civil Procedure 56(e), to survive a motion for summary judgment Plaintiff must allege specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.

### ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

(1) The United States Marshals Service shall serve a completed summons, a copy of the Amended Complaint, (lodged at Docket Entry # 43), and a copy of this Order upon the above-listed defendants.

(2) Within twenty days of being served, Defendants must file an answer or motion to dismiss and proposed order, as outlined above.

(3) If filing (on exhaustion or any other basis) a *Martinez* report **with** a summary judgment motion and proposed order, Defendants must do so within sixty days of filing their answer(s).

(4) If served with a *Martinez* report and a summary judgment motion or motion to dismiss, Plaintiff may file a response within thirty days.

(5) Summary-judgment motion deadline is sixty days from filing of answer.

(6) Plaintiff's motion for a time extension in which to file his amended complaint is GRANTED. (*See* Docket Entry # 41.) The Clerk's Office is ordered to file Plaintiff's lodged Amended Complaint. (*See* Docket Entry # 43.)

DATED this 22nd day of January, 2010.

BY THE COURT:

_____
DEE BENSON
United States District Judge